[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2011
JOHN LEY
CLERK

No. 10-12347
Non-Argument Calendar
_____

Agency No. A088-318-045

ANA FRANCISCA ARTOLA CUEVA,
ANDRE VELASCO ARTOLA,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 25, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ana Francisco Artola Cueva seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1] Cueva, a native and citizen of Honduras, claimed past persecution and a well-founded fear of future persecution by members of the Mara 18, a criminal gang, because of her political opinion and her membership in the Association of Small Middle Entrepreneurs of San Pedro Sula ("Entrepreneurs Association"). Cueva's application was denied based on a finding that she was not credible. After review, we deny the petition for review.[2]

On appeal, Cueva argues that the IJ's adverse credibility finding is not supported by substantial evidence.[3] An asylum applicant must show, with specific

---

[1]Cueva's son, Andre Velasco Artola, was included on her application as a derivative beneficiary. Although our opinion refers to Cueva, our holding as to the asylum and CAT claims apply equally to Artola. We deny Artola's withholding of removal claim because "there are no derivative benefits associated with a grant of withholding of removal." See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007).

[2]On appeal, Cueva does not challenge the denial of CAT relief, and, thus, we do not address that claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[3]The BIA affirmed the IJ's adverse credibility finding and elaborated upon some of the IJ's reasoning. Thus, we review the IJ's credibility finding as supplemented by the BIA. See Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). Our review of credibility determinations is "highly deferential" and we "may not substitute our judgment for that of the Board." Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1344 (11th Cir. 2008) (quotation marks and brackets omitted). Credibility determinations are reviewed under the substantial evidence test, and we will overturn them only if the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005).

2

and credible evidence, either past persecution or a "well-founded fear" of future persecution on a protected ground. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005); 8 C.F.R. § 208.13(b).[4] While credible testimony "may be sufficient to sustain the applicant's burden without corroboration," Immigration and Nationality Act ("INA") § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii), the weaker an applicant's testimony, the greater the need for corroboration. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Conversely, an adverse credibility determination alone may support a denial of an asylum claim, but if the applicant produces evidence other than her testimony, the IJ and the BIA must consider this evidence as well. See Forgue, 401 F.3d at 1287.

In making an adverse credibility finding, the IJ must be explicit and offer "specific, cogent reasons" for the finding. Id. Pursuant to 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act, the IJ, in evaluation credibility, must consider the "totality of the circumstances," including "demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written or oral statements (whenever made and whether or not under

---

[4]Similarly, an applicant for withholding of removal must show that it was more likely than not that she will be persecuted on a protected ground. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003); 8 C.F.R. § 208.16(b).

oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence in the record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii); see also Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006).[5] "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.[6]

The IJ and the BIA gave specific, cogent reasons for finding Cueva not credible. Specifically, the IJ noted inconsistencies between: (1) Cueva's hearing

---

[5]The IJ's credibility findings for purposes of determining eligibility for withholding of removal are also governed by 8 U.S.C. § 1158(b)(1)(B), as amended by the REAL ID Act. INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C). Because Ceuva filed her application on May 19, 2008, the REAL ID Act amendments apply to her case. See REAL ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

[6]Cueva's claim that the BIA's citation to Seventh Circuit precedent is reversible error is without merit. The BIA cited the Seventh Circuit case merely as an example of an IJ's denial of asylum being affirmed based on an adverse-credibility finding. Further, the proposition that an asylum application may be denied if the applicant's testimony is vague and lacking in internal consistency, plausibility and corroboration is supported by our precedent and the REAL ID Act amendments cited in the text.

testimony and her asylum application as to her membership in the Women's Group and the Entrepreneurs Association; (2) Cueva's hearing testimony that her brother Claudio was attacked by the Mara 18 and a police report indicating that two unknown individuals shot at Claudio and that friends had no idea why Claudio was attacked and Claudio's own "denunciation" filed with the Honduran police indicating he was attacked by an unknown person; (3) Cueva's hearing testimony that her brother Ramon was killed by the Mara 18 and an article about the incident stating that a relative affirmed that Ramon had no enemies and another article suggesting the motive may have been revenge; (4) Cueva's claim in her application that the Mara 18 targeted her because of her political activity with the National Party and membership in the Entrepreneurs Association and her admission in her addendum that the Mara 18 targeted her because she filed a "denunciation" with the Honduran police after her brother Ramon's assassination. The IJ also identified implausibilities, including: (1) Cueva's proffer of evidence of her brother Claudio's membership in the Entrepreneurs Association, but not her own membership in that organization; and (2) the unlikelihood that the Mara 18 was targeting National Party members given that the State Department's 2007 Country Report for Honduras did not mention it and the National Party is one of two major political parties in Honduras.

Finally, the IJ noted that Cueva provided no corroborating documentary evidence to support her testimony that: (1) the Mara 18 attacked her twice, first shooting bullets into her home and then shooting at her car as she exited it to pick up her son from school; (2) that the Mara 18 was involved in the attacks on her brothers; or (3) that the Mara 18 was targeting National Party members.

The reasons given for discrediting Cueva are supported by substantial evidence. Although Cueva offered explanations for some of these inconsistencies or lack of corroboration, the IJ considered them and found them to be without merit. Further, Cueva's tenable explanations do not compel a conclusion that she was credible. See Chen, 463 F.3d at 1233. Finally, Cueva does not argue that the other evidence in the record, absent her (discredited) testimony, compels a conclusion that she was persecuted or had a well-founded fear of persecution.[7]

**PETITION DENIED.**

---

[7]Because Cueva failed to establish her eligibility for asylum, she likewise failed to establish her eligibility for withholding of removal. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).